# FILED

## UNDER

# SEAL

1 CHRISTOPHER CHIOU
Acting United States Attorney
2 Nevada Bar No. 14853
DANIEL R. SCHIESS
3 Nevada Bar No. 5483
Assistant United States Attorney
4 501 Las Vegas Blvd South, 11ᵗʰ Floor
Las Vegas, Nevada 89101
5 (702) 388-6336
dan.schiess@usdoj.gov
6
Attorneys for the United States of America
7

```
_____
✓ ____ FILED        ____ RECEIVED
  ____ ENTERED      ____ SERVED ON
            COUNSEL/PARTIES OF RECORD
         _____
              JAN 2 7 2022
         _____
         CLERK US DISTRICT COURT
            DISTRICT OF NEVADA
  BY: _____ DEPUTY
_____
```

8

UNITED STATES DISTRICT COURT
9       FOR THE DISTRICT OF NEVADA

10

| UNITED STATES OF AMERICA, | No.    2:22-cr-00022-GMN-NJK |
| Plaintiff, | |
| v. | Plea Agreement for Defendant Scott F. Carpenter Pursuant to Fed. R. Crim. P. 11(c)(1)(A) and (B) |
| SCOTT F. CARPENTER, | |
| Defendant. | |

16      This plea agreement between Scott F. Carpenter ("defendant") and the United States

17 Attorney's Office for the District of Nevada (the "USAO") sets forth the parties' agreement

18 regarding the criminal charges referenced herein and the applicable sentences and fines in the

19 above-captioned case. This agreement binds only defendant and the USAO and does not bind

20 the district court, the U.S. Probation Office, or any other federal, state, local, or foreign

21 prosecuting, enforcement, administrative, or regulatory authorities. This agreement does not

22 prohibit the USAO or any agency or third party from seeking any other civil or administrative

23 remedies, including administrative forfeiture or civil forfeiture *in rem* actions, directly or

24 indirectly against defendant or defendant's property.

1       This agreement becomes effective upon signature by defendant, defendant's counsel, and

2   an Assistant United States Attorney.

## I.   DEFENDANT'S OBLIGATIONS

4       1.    Defendant agrees to:

5       a.    At the earliest opportunity requested by the USAO and provided by the

6   district court, appear and plead guilty to a criminal information charging one count of

7   Conversion of Government Money, a misdemeanor, in violation of 18 U.S.C. § 641.

8       b.    Stipulate to the facts agreed to in this agreement;

9       c.    Abide by all agreements regarding sentencing contained in this agreement;

10      d.    Not seek to withdraw defendant's guilty plea once it is entered;

11      e.    Appear for all court appearances, surrender as ordered for service of

12  sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter;

13      f.    Not commit any federal, state, or local crime;

14      g.    Be truthful always with the U.S. Probation and Pretrial Services Offices

15  and the Court;

16      h.    Before and after sentencing, upon request by the Court, the USAO, or the

17  Probation Office, provide accurate and complete financial information, submit sworn

18  statements, and/or give depositions under oath concerning defendant's assets and defendant's

19  ability to pay. As part of the required disclosure, defendant agrees to provide all financial

20  information and authorizations requested by the Probation Office for preparation of the

21  Presentence Report. Defendant further agrees that, upon filing of this agreement, the USAO is

22  authorized to obtain defendant's credit report. Defendant will also complete a financial form

23  provided by the USAO, to include all supporting documentation, and return it to the USAO

24

1   within three (3) weeks from entry of the plea. Defendant agrees that the district court may enter

2   any order necessary to effectuate or facilitate disclosure of defendant's financial information; and

3            i.       To facilitate payment of any fine, restitution, or assessment, surrender

4   assets, defendant agrees to voluntarily release funds and property under defendant's control or in

5   which defendant has any property interest, before and after sentencing, to pay any fine or

6   restitution identified in this agreement, agreed to by the parties, or ordered by the Court.

7            j.       In consideration of the USAO's agreement to offer the defendant this

8   misdemeanor plea agreement (instead of a felony plea agreement), defendant agrees that the

9   Court can order him to make restitution in the amount of $13,500. Defendant also agrees that

10   the restitution shall be ordered due and payable in full immediately after the judgment is entered,

11   and that the full amount of any restitution ordered is subject to immediate enforcement and

12   collection by the USAO or defendant's victims, or both. Defendant agrees that any schedule of

13   payments entered by the district court is a schedule of the minimum payment due and does not

14   prohibit or limit the methods by which the USAO may immediately enforce and collect the

15   judgment in full. Defendant acknowledges that restitution may not be discharged, in whole or in

16   part, in any present or future bankruptcy proceeding.

17                        **II.      THE USAO'S OBLIGATIONS**

18      2.      The USAO agrees to:

19            a.      Stipulate to facts agreed to in this agreement;

20            b.      Abide by all agreements regarding sentencing contained in this agreement;

21            c.      At sentencing, provided that defendant demonstrates an acceptance of

22   responsibility for the offense up to and including the time of sentencing, recommend a two-level

23   reduction in the applicable sentencing guidelines offense level, pursuant to USSG § 3E1.1;

24

3

d.     Not bring any additional charges against defendant arising out of the factual basis set forth in this agreement. However, the USAO reserves the right to prosecute defendant for (a) any crime of violence as defined by 18 U.S.C. § 16; and (b) any criminal tax violations (including conspiracy to commit such violations chargeable under 18 U.S.C. § 371). Defendant agrees that the district court at sentencing may consider any uncharged conduct in determining the applicable sentencing guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed after consideration of the sentencing guidelines and all other relevant factors under 18 U.S.C. § 3553(a).

## III.     ELEMENTS OF THE OFFENSES

3.     The elements of Conversion of Government Money, a misdemeanor violation of 18 U.S.C. § 641, are as follows:

> **First**, the defendant knowingly converted to his own use money belonging to the United States;

> **Second,** the defendant did so willfully and with the intent to appropriate the money to a use inconsistent with the United States' rights and benefits.

*United States v. Seaman,* 18 F.3d 649 (9th Cir. 1994).

## IV.     CONSEQUENCES OF CONVICTION

4.     **Maximum and Minimum Statutory Penalties**: Defendant understands that the statutory maximum sentence the district court can impose for a violation of 18 U.S.C. § 641 is not more than one year imprisonment, a one-year period of supervised release; a fine of $100,000, or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $25.

5.     **Parole Abolished**: Defendant acknowledges that defendant's prison sentence cannot be shortened by early release on parole because parole has been abolished.

4

6.   **Supervised Release**: Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offenses that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

7.   **Factors under 18 U.S.C. § 3553**: Defendant understands that the district court must consider the factors set forth in 18 U.S.C. § 3553(a) in determining defendant's sentence. However, the statutory maximum sentence and any statutory minimum sentence limit the district court's discretion in determining defendant's sentence.

8.   **Potential Collateral Consequences of Conviction**: Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty pleas.

9.   **Potential Removal/Deportation Consequences of Conviction**: Defendant understands that, if defendant is not a United States citizen, the misdemeanor conviction in this case may subject defendant to removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial of admission to the United States in the future. The district court cannot advise defendant fully regarding the immigration

consequences of the misdemeanor conviction in this case, but defendant's attorney has advised

him about the deportation risks of his guilty plea. Defendant understands that unexpected

immigration consequences will not serve as grounds to withdraw defendant's guilty pleas.

## V.    FACTUAL BASIS

10.    Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty. Defendant acknowledges that if defendant elected to go to trial instead of pleading guilty, the USAO could prove defendant's guilt beyond a reasonable doubt. Defendant further acknowledges that defendant's admissions and declarations of fact set forth below satisfy every element of the charged offense. Defendant waives any potential future claim that the facts defendant admitted below are insufficient to satisfy the elements of the charged offense. Defendant admits and declares under penalty of perjury that the facts set forth below are true and correct:

11.    For years defendant Carpenter has been employed as a Special Agent with the Federal Bureau of Investigation and has been assigned to the New York City Field Office. For most of 2017, he worked as the lead case agent on a public corruption investigation conducted out of the NYC Field Office. As an FBI special agent, he was entrusted to possess and use certain money and property of the United States for purposes of fulfilling his official duties as an FBI special agent. The FBI is a law enforcement agency within the United States Department of Justice.

12.    From July 27 to July 31, 2017, Carpenter and three FBI agents traveled to Las Vegas to conduct an undercover operation in furtherance of the investigation. Carpenter and another agent brought with them $135,000 in cash belonging to the United States to be used for bribe payments and incidental expenses. Before leaving New York, Carpenter signed out $20,000

1    of the $135,000 for him to carry to Las Vegas. On Thursday, July 27, and Friday, July 28, the

2    agents conducted the undercover operation in a hotel suite they had rented for the operation.

3          13.      On Saturday, July 29, Carpenter and the agents conducted a single undercover

4    transaction at the hotel's poolside cabana they had rented by agreeing to meet a minimum

5    $1,500 beverage and food charge. After concluding the transaction by early afternoon, the agents

6    remained at the cabana for the day drinking and eating the unused portion and more of the

7    beverage and food tab. That evening they decided to go out on the town for their last night

8    together.

9          14.      The agents readied themselves in the suite before going out. Before leaving,

10   Carpenter obtained $10,000 belonging to the United States from the safe in the suite. He then

11   walked with the three agents from the hotel suite to the Bellagio Hotel and Casino across the

12   street and into a blackjack room for high rollers. He used the $10,000 to purchase gaming chips

13   and for the next two to three hours, he gambled away the $10,000. He then pressed the

14   undercover agent to give him additional money belonging to the United States the undercover

15   agent had brought with him from the suite. Carpenter then gambled away that money as well.

16          15.      Bellagio records show that Carpenter played for two to three hours, his average bet

17   was $721, and he lost $13,500 from gambling.

18          16.      Even though Carpenter had been drinking on Saturday at the cabana and at the

19   Bellagio while gambling, he knew that he was gambling with money belonging to the United

20   States, and he knowingly converted to his own use the money belonging to the United States

21   with the intent to appropriate the money to a use inconsistent with the United States' rights and

22   benefits. He lost $13,500 belonging to the United States from gambling.

23

24

As an FBI special agent and the lead case agent for the investigation, Carpenter occupied a position of trust that he abused in a manner that allowed him to convert the government money.

## VI.      SENTENCING FACTORS

17.      **Discretionary Nature of Sentencing Guidelines**: Defendant understands that in determining defendant's sentence, the district court is required to calculate the applicable sentencing guidelines range and to consider that range, possible departures under the sentencing guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the sentencing guidelines are advisory only, that Defendant cannot have any expectation of receiving a sentence within the calculated sentencing guidelines range, and that after considering the sentencing guidelines and the other § 3553(a) factors, the district court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

18.      **Offense Level Calculations**: The parties jointly agree and stipulate that, in calculating defendant's advisory guidelines sentencing range, the Court should use the following base offense level and adjustments; acknowledge that these stipulations do not bind the district court; and agree that they will not seek to apply or advocate for the use of any other base offense level or any other specific offense characteristics, enhancements, or reductions in calculating the advisory guidelines range:

**Conversion of Government Money, 18 U.S.C. § 641**

| Offense Level Calculation | | USSG |
|---|---|---|
| Base Offense | 6 | § 2B1.1(a)(2) |
| Loss Greater than $6,500 | +2 | § 2B1.1(b)(2)(B) |
| Abuse of Position of Trust | +2 | § 3B1.3 |
| **Total Offense Level** | **10** | |

19.     **Reduction for Acceptance of Responsibility**: Under USSG § 3E1.1(a), the USAO will recommend that defendant receive a two-level downward adjustment for acceptance of responsibility unless defendant (a) fails to truthfully admit facts establishing a factual basis for the guilty plea when defendant enters the plea; (b) fails to truthfully admit facts establishing the amount of restitution owed when defendant enters the guilty plea; (c) provides false or misleading information to the USAO, the Court, Pretrial Services, or the Probation Office; (d) denies involvement in the offense or provides conflicting statements regarding defendant's involvement or falsely denies or frivolously contests conduct relevant to the offenses; (e) attempts to withdraw defendant's guilty plea; (f) commits or attempts to commit any crime; (g) fails to appear in court; or (h) violates the conditions of pretrial release.

20.     Under USSG § 3E1.1(b), if the district court determines that defendant's total offense level before operation of § 3E1.1(a) is 16 or higher, and if the USAO recommends a two-level downward adjustment pursuant to the preceding paragraph, the USAO will move for an additional one-level downward adjustment for acceptance of responsibility before sentencing because defendant communicated defendant's decision to plead guilty in a timely manner that enabled the USAO to avoid preparing for trial and to efficiently allocate its resources.

21.    **Criminal History Category**. Defendant acknowledges that the district court may base defendant's sentence in part on defendant's criminal record or criminal history. The district court will determine defendant's criminal history category under the sentencing guidelines.

22.    **Additional Sentencing Information**: The stipulated sentencing guidelines calculations are based on information now known to the parties. Defendant understands that both defendant and the USAO are free to (a) supplement the facts in this agreement by supplying relevant information to the U.S. Probation and Pretrial Services Offices and the district court regarding the nature, scope, and extent of defendant's criminal conduct and any aggravating or mitigating facts or circumstances; and (b) correct any and all factual misstatements relating to the district court's sentencing guidelines calculations and determination of sentence. While this paragraph permits both the USAO and defendant to submit full and complete factual information to the U.S. Probation and Pretrial Services Offices and the district court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement. Good faith efforts to provide truthful information or to correct factual misstatements shall not be grounds for defendant to withdraw defendant's guilty pleas.

Defendant acknowledges that the U.S. Probation Office may calculate the sentencing guidelines differently and may rely on additional information it obtains through its investigation. Defendant also acknowledges that the district court may rely on this and other additional information as it calculates the sentencing guidelines range and makes other sentencing determinations, and the district court's reliance on such information shall not be grounds for defendant to withdraw defendant's guilty plea.

## VII.   POSITIONS REGARDING SENTENCING

23.   The parties will jointly recommend that the district court impose a sentence of probation either as a guidelines sentence or after considering the 18 U.S.C. § 3553(a) factors. In agreeing to this sentencing recommendation, the parties have taken into consideration all the factors set forth in 18 U.S.C. § 3553(a) and conclude that a sentence of probation is a reasonable sentence.

24.   Defendant acknowledges that the district court does not have to follow the recommendation of either party.

25.   Notwithstanding its agreement to recommend a sentence as described above, the USAO reserves its right to defend any lawfully imposed sentence on appeal or in any post-conviction litigation.

26.   If defendant commits any act that results in the Court finding that defendant is not entitled to a downward adjustment for acceptance of responsibility, the USAO is entitled to argue for any sentence it deems appropriate under 18 U.S.C. § 3553(a).  In any such event, Defendant remains bound by the provisions of this agreement and shall not have the right to withdraw defendant's guilty plea.

## VIII.   WAIVER OF CONSTITUTIONAL RIGHTS

27.   Defendant understands that by pleading guilty, defendant gives up the following rights:

    a.   The right to persist in a plea of not guilty;

    b.   The right to a speedy and public trial by jury;

    c.   The right to be represented by counsel—and, if necessary, have the court appoint counsel—at trial. Defendant understands, however, that, defendant retains the right to

1   be represented by counsel—and, if necessary, have the court appoint counsel—at every other

2   stage of the proceeding;

3            d.    The right to be presumed innocent and to have the burden of proof placed

4   on the USAO to prove defendant guilty beyond a reasonable doubt;

5            e.    The right to confront and cross-examine witnesses against defendant;

6            f.    The right to testify and to present evidence in opposition to the charges,

7   including the right to compel the attendance of witnesses to testify;

8            g.    The right not to be compelled to testify, and, if defendant chose not to

9   testify or present evidence, to have that choice not be used against defendant; and

10           h.    The right to pursue any affirmative defenses, Fourth Amendment or Fifth

11   Amendment claims, and any other pretrial motions that have been filed or could be filed.

## IX.   WAIVER OF APPELLATE RIGHTS

13      28.   **Waiver of Appellate Rights**. Defendant knowingly and expressly waives: (a) the

14   right to appeal any sentence imposed within or below the applicable Sentencing Guideline range

15   as determined by the district court; (b) the right to appeal the manner in which the district court

16   determined that sentence on the grounds set forth in 18 U.S.C. § 3742; and (c) the right to appeal

17   any other aspect of the conviction, including but not limited to the constitutionality of the

18   statutes of conviction; any other aspect of the sentence; and any order of restitution or forfeiture.

19      29.   Defendant reserves only the right to appeal any portion of the sentence that is an

20   upward departure or variance from the applicable Sentencing Guideline range as determined by

21   the district court.

22      30.   **Waiver of Post-Conviction Rights**. Defendant also knowingly and expressly

23   waives all collateral challenges, including any claims under 28 U.S.C. § 2255, to defendant's

24

1    conviction, sentence, and the procedure by which the district court adjudicated guilt and

2    imposed sentence, except non-waivable claims of ineffective assistance of counsel.

3         31.   **Preservation of Evidence**: Defendant acknowledges that the USAO and the

4    agencies investigating this case are not obligated or required to preserve any evidence obtained in

5    the investigation of this case.

6

7            **X.    RESULT OF WITHDRAWAL OF GUILTY PLEA<br>OR VACATUR/REVERSAL/SET-ASIDE OF CONVICTION**

8         32.   **Consequence of withdrawal of guilty plea**: Defendant agrees that if, after

9    entering guilty pleas pursuant to this agreement, defendant seeks to withdraw and succeeds in

10   withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into

11   this agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under

12   this agreement and (b) should the USAO choose to pursue any charge that was either dismissed

13   or not filed as a result of this agreement, then (i) any applicable statute of limitations will be

14   tolled between the date of defendant's signing of this agreement and the filing commencing any

15   such action, but no longer than twelve months after the court enters an order granting

16   defendant's motion to withdraw defendant's plea agreement or the Court's order is affirmed or

17   vacated on appeal, whichever is later; and (ii) defendant waives and gives up all defenses based

18   on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with

19   respect to any such action, except to the extent that such defenses existed as of the date of

20   defendant's signing this agreement, or to the extent that the government seeks to file an action

21   more than twelve months after the court grants defendant's motion to withdraw defendant's

22   guilty plea or the court's order is affirmed or vacated on appeal, whichever is later.

23         33.   **Consequence of vacatur, reversal, or set-aside**: Defendant agrees that if

24   defendant's conviction is vacated, reversed, or set aside, both the USAO and defendant will be

1  released from all their obligations under this agreement, except that, should the USAO choose to

2  pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any

3  applicable statute of limitations will be tolled between the date of defendant's signing of this

4  agreement and the filing commencing any such action, but no longer than twelve months after a

5  court enters an order vacating, reversing, or setting aside defendant's conviction, or the court's

6  order is affirmed or vacated on appeal, whichever is later; and (ii) defendant waives and gives up

7  all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy

8  trial claim with respect to any such action, except to the extent that such defenses existed as of

9  the date of defendant's signing this agreement, but no longer than twelve months after a court

10  enters an order vacating, reversing, or setting aside defendant's conviction, or the Court's order

11  is affirmed or vacated on appeal, whichever is later.

12  ## XI.   BREACH OF AGREEMENT

13  34.   Defendant agrees that if, at any time after this agreement becomes effective,

14  defendant knowingly violates or fails to perform any of defendant's obligations under this

15  agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's

16  obligations are material, a single breach of this agreement is sufficient for the USAO to declare a

17  breach, and defendant shall not be deemed to have cured a breach without the express agreement

18  of the USAO in writing. If the USAO declares this agreement breached, and the district court

19  finds such a breach to have occurred, then: (a) if defendant has previously entered guilty pleas

20  pursuant to this agreement, defendant will remain bound by the provisions of this agreement and

21  will not be able to withdraw the guilty pleas, and (b) the USAO will be relieved of all its

22  obligations under this agreement.

23

24

35.     Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a.     Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action, but no longer than twelve months after the Court enters an order finding such a breach occurred or the Court's finding is affirmed or vacated on appeal, whichever is later.

b.     Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement, but no longer than twelve months after the Court enters an order finding that such a breach occurred or the Court's finding is affirmed on appeal, whichever is later.

c.     Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Federal Rule of Evidence 410, Federal Rule of Criminal Procedure 11(f), or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

## XII.   COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES.

36.     Defendant understands that the Court and the U.S. Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

15

37.     Defendant understands that both defendant and the USAO are free to argue on appeal and collateral review that the district court's sentencing guidelines calculations and the sentence it chooses to impose are not error.

38.     Defendant understands that even if the district court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to by the parties, or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement. Defendant understands that no one—not the prosecutor, defendant's attorney, or the Court—can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum, and to the extent that a filing commencing the action has be made within twelve months from a court's finding or the court's finding a affirmed or vacated on appeal, whichever is later.

## XIII.  ADDITIONAL ACKNOWLEDGMENTS

39.     The Defendant acknowledges that:

a.      Defendant read this agreement and defendant understands its terms and conditions.

b.      Defendant had adequate time to discuss this case, the evidence, and this agreement with defendant's attorney.

c.      Defendant carefully and thoroughly discussed all terms of this agreement with defendant's attorney.

d.      Defendant understands the terms of this agreement and voluntarily agrees to those terms.

1         e.     Defendant has discussed with defendant's attorney the following: the

2    evidence; defendant's rights; possible pretrial motions that might be filed; possible defenses that

3    might be asserted either prior to or at trial; the sentencing factors set forth in 18 U.S.C. 3553(a);

4    the relevant sentencing guidelines provisions; and consequences of entering into this agreement.

5         f.     The representations contained in this agreement are true and correct,

6    including the factual basis for defendant's offense set forth in this agreement.

7         g.     Defendant was not under the influence of any alcohol, drug, or medicine

8    that would impair defendant's ability to understand the agreement when defendant considered

9    signing this agreement and when defendant signed it.

10   40.     Defendant understands that defendant alone decides whether to plead guilty or go

11   to trial and acknowledges that defendant has decided to enter defendant's guilty plea knowing of

12   the charges brought against defendant, defendant's possible defenses, and the benefits and

13   possible detriments of proceeding to trial.

14   41.     Defendant understands that no promises, understandings, or agreements other

15   than those set forth in this agreement have been made or implied by defendant, defendant's

16   attorney, or the USAO, and no additional promises, agreements, or conditions shall have any

17   force or effect unless set forth in writing and signed by all parties or confirmed on the record

18   before the district court.

19   42.     Defendant acknowledges that defendant decided to plead guilty voluntarily and

20   that no one threatened, coerced, or forced defendant to enter into this agreement.

21   43.     Defendant is satisfied with the representation of defendant's attorney, and

22   defendant is pleading guilty because defendant is guilty of the charges and chooses to take

23   advantage of the promises set forth in this agreement and for no other reason.

24

## XIV. PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE DISTRICT OF NEVADA

CHRISTOPHER CHIOU
Acting United States Attorney

_____          1-26-2022
DANIEL R. SCHIESS                         Date
Assistant United States Attorney

_____          12/17/21
SCOTT F. CARPENTER                        Date
Defendant

_____          12/21/21
PAUL J. FISHMAN, ESQ.                     Date
Attorney for Defendant CARPENTER